IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAY HAYES,

        Plaintiff,                         No. CIV S-06-2838 LKK EFB P

    vs.

M. VIEL,

        Defendant.                   FINDINGS AND RECOMMENDATIONS

/

        Plaintiff is a prisoner without counsel suing for alleged civil rights violations. *See* 42 U.S.C. § 1983. On December 14, 2006, the United States District Court for the Northern District of California transferred the above action to this district. Upon receiving the complaint and the request for leave to proceed *in forma pauperis*, the Clerk of the Court sent to plaintiff documents containing basic instructions about how to litigate an action in this court and the forms necessary to consent to have this case resolved by a magistrate judge. On January 1, 2007, those documents were returned to the court with a notation that plaintiff's name did not correspond to the identification number that plaintiff provided. On June 20, 2007, the Clerk of the Court served those documents on plaintiff again, but on July 2, 2007, they again were returned because the name and identification number did not correspond. For the reasons explained below, the court recommends that this action be dismissed without prejudice.

1  The situation confronting the court is governed by Rule 41(b) of the Federal Rules of
2  Civil Procedure:

> **Involuntary Dismissal: Effect Thereof.** For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

Although cases should be disposed of on their merits, plaintiff is responsible for moving his case towards that disposition, *see Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991), and the court's inherent power to dismiss an action for a plaintiff's failure to do so "cannot seriously be doubted." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962) (condoning *sua sponte* dismissal with prejudice for failure to prosecute). Thus, the court *sua sponte* considers whether plaintiff has failed diligently to prosecute this action.

As noted above, this action was transferred to this court on December 14, 2006. Mail directed to plaintiff twice has been returned because prison officials determined that plaintiff's name did not correspond to the identification number he provided. Moreover, plaintiff has not written to this court to inquire as to the status of his case. Such an inquiry could have confirmed the identification number he provided, enabling the court to attempt to ensure delivery of his mail, or provided the court with the correct identification number. The court cannot contact plaintiff with the information presently in its files, and it appears that plaintiff has abandoned his case. Therefore, this action must be dismissed without prejudice.

Accordingly, it hereby is RECOMMENDED that this action be dismissed without prejudice for plaintiff's failure to prosecute.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

1  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
2  within the specified time may waive the right to appeal the District Court's order. *Turner v.*
3  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
4  DATED:  November 29, 2007.

                        EDMUND F. BRENNAN
                        UNITED STATES MAGISTRATE JUDGE